RECEIVED
USDC, WESTERN DISTRICT OF
TONY R. MOORE, CLERK
3/4/15

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

b

| | |
|---|---|
| LUIS MUNGUIA,<br>    Appellant | CIVIL ACTION<br>NO. 1:14-cv-00912 |
| VERSUS | |
| UNITED STATES OF AMERICA,<br>    Appellee | JUDGE JAMES T. TRIMBLE, JR.<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a complaint filed pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, by plaintiff Luis Munguia ("Munguia") on April 3, 2014 (Doc. 1),[1] and amended on June 9, 2014 (Doc. 10) and September 22, 2014 (Doc. 16). The sole defendant is the United States of America ("USA"). Munguia contends that, while he was temporarily incarcerated by the United States Marshal's Service in the Rapides Parish Detention Center in Alexandria, Louisiana on February 9, 2013, he was attacked by state correctional officers Jones, Hennigan, and Nicholes and his shoulder was injured and may need surgery (Docs. 10, 22). Munguia contends the U.S. Marshal's Service negligently housed him in an unsafe facility (Docs. 16, 19). For relief, Munguia asks for monetary damages (Doc. 10). Munguia is presently confined in the USP-Lewisburg in Pennsylvania (Doc. 16).

---

[1] Munguia initially filed his action in the Middle District of Louisiana (Doc. 1). His case was transferred to the Western District of Louisiana on April 25, 2014 (Doc. 2).

The USA filed a motion to dismiss for lack of subject matter jurisdiction (Doc. 22), to which Munguia responded (Docs. 28, 31), and the USA replied (Doc. 27). Munguia also filed a motion for summary judgment (Docs. 29, 32).

## Law and Analysis

### USA's Motion to Dismiss

The USA contends that Munguia's complaint should be dismissed for lack of subject matter jurisdiction because Munguia failed to exhaust his administrative remedies and, alternatively, because the discretionary function exception applies to the USA's liability in this case.

Lack of subject matter jurisdiction may be found on any one of the following basis: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. Robinson v. TCI/US West Communications, Inc., 117 F.3d 900 (5th Cir. 1997) (Citations omitted). In examining a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), the district court is empowered to consider matters of fact which may be in dispute. Ultimately, a 12(b)(1) motion should be granted only if it appears that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief.

Under the FTCA, a plaintiff must give notice of his claim to

2

the appropriate federal agency.  Furnishing notice is a jurisdictional prerequisite to filing suit under the FTCA.  A claimant give proper notice withing the meaning of Section 2675(a) only when the agency obtains sufficient written information to begin investigating and the claimant places a value on his claim.  No particular method of giving notice is required.  The usual method, however, is by filing a Form 95 with the agency.  A plaintiff waives his claim if he fails to 1) notify the agency in writing about his claim within two years after the claim accrues, or 2) file suit within six months after the agency denies his claim.  28 U.S.C. § 2401(b).  Cook v. United States, 978 F.2d 164, 165-166 (5th Cir. 1992), and cases cited therein.  The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.  McNeil v. U.S., 508 U.S. 106, 113, 113 S.Ct. 1980, 1984 (1993)("Because petitioner failed to heed that clear statutory command, the District Court properly dismissed his suit").

The FTCA exhaustion requirement is set forth in 28 U.S.C. § 2675(a), which states in pertinent part: "An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the

claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim."

Mongoia shows that he filed his administrative tort claim, TRT-SCR-1014-03944, dated March 31, 2014 (Doc. 10), the Department of Justice received his claim on April 7, 2014, the Department of Justice forwarded his claim to the U.S. Bureau of Prisons in April 2014 (Doc. 19), and the Bureau of Prisons forwarded his claim to the U.S. Marshal's Service in May 2014 (Doc. 16). No United States agency has responded to Munguia's administrative tort claim.

The United States contends that, although more than six months have passed since Munguia filed his administrative tort claim, the court lacks jurisdiction because Munguia's administrative remedies were not exhausted prior to Munguia filing this action.

The subject matter jurisdiction of the court is conditioned on compliance with 28 U.S.C. § 2675(a), which declares that an action shall not be instituted unless the plaintiff has filed an administrative claim and either obtained a written denial or waited

six months. Price v. U.S., 69 F.3d 46, 54 (5th Cir. 1995), cert. den., 519 U.S. 927, 117 S.Ct. 295 (1996). An action that is filed before the expiration of the six-month waiting period, and is thus untimely, cannot become timely by the passage of time after the complaint is filed. Price, 69 F.3d at 54, citing McNeil v. United States, 508 U.S. 106, 113, 113 S.Ct. 1980, 1984 (1993)("The interest in orderly administration of this body of litigation is best served by adherence to the straightforward statutory command.").

Since, under Section 2675(a), the United States agency States never issued a ruling on Munguia's administrative claim, there was no "final denial" of Munguia's administrative claim until six months had passed from the time he filed his administrative claim, or until October 2014. Therefore, Munguia's claim, filed in May 2014, was filed prematurely and should be dismissed without prejudice for lack of subject matter jurisdiction.[2]

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that the United States' motion to dismiss for lack of subject matter jurisdiction (Doc. 22) be GRANTED, Munguia's motion for summary judgment (Doc. 29) be DENIED, and Munguia's complaint be DISMISSED WITHOUT PREJUDICE as premature.

---

[2] The United States' argument as to the applicability of the discretionary function exception to its tort liability is not considered due to lack of subject matter jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 4th day of March 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE